UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

**MARK KOSEK and
CAROL KOSEK**

Case Number: **5-21-02442**
Chapter: **13**

* Debtor(s)

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice and Debtors Fourth Amended Chapter 13 Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: January 29, 2024

SIGNED: _Lisa Manchak_

TITLE: **/s/Legal Assistant**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

****************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MARK JOSEPH KOSEK and | : | |
| CAROL LYN KOSEK | : | |
| Debtor(s) | : | CASE NO. 5-21-02442 |

****************************************************************

**NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST**

****************************************************************

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection/response on or before **February 19, 2024.** If you object to the relief requested, you must file your objection/response with the Clerk of Court and serve a copy on the movant and movant's attorney, if one is designated.

If you file an serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.

**Address of the Bankruptcy Clerk's Office:**
U.S. Bankruptcy Court
274 Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701
570-831-2500

Hours Open: Monday - Friday 9:00 AM to 4:00 PM

DATE    January 29, 2024          Tullio DeLuca, Esquire
                                   PA ID# 59887
                                   Attorney for Debtors/Movants
                                   381 N. 9th Avenue
                                   Scranton, PA 18504

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | CHAPTER 13 |
|---|---|
| IN RE:<br>MARK JOSEPH KOSEK<br>a/k/a Mark J. Kosek<br>a/k/a Mark Kosek<br><br>CAROL LYN KOSEK<br>a/k/a Carol Lynn Kosek<br>a/k/a Carol L. Kosek<br>a/k/a Carol Kosek<br><br>Debtor(s) | CASE NO. 5-21-02442<br>__ ORIGINAL PLAN<br>_X_ 4th AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc)<br>__ Number of Motions to Avoid Liens<br>__ Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether of not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | * Included | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ Included | * Not Included |

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $14,570.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $126,267.00 plus other payments and property stated in §1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 12/2021 | 01/2024 | $0.00 | $0.00 | $0.00 | $14,570.00 |
   | 02/2024 | 02/2024 | $11,377.00 | $0.00 | $11,377.00 | $11,377.00 |
   | 03/2024 | 11/2026 | $3,040.00 | $0.00 | $3,040.00 | $100,320.00 |
   | | | | | Total Payments: | $126,267.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE: (X) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

   ( ) Debtor is over median income. Debtor calculates that a minimum of $0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

    1.    The Debtor estimates that the liquidation value of this estate is $0.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

    _X_    No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

    ___    Certain assets will be liquidated as follows:

    2.    In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____ . All sales shall be completed by_ ____ . If the property does not sell by the date specified, then the disposition of the property shall be as follows:

    3.    Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ .

2.    **SECURED CLAIMS.**

    A.    **Pre-Confirmation Distributions.** *Check one.*

    _X_    None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

    ___    Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. If the Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. Check One.**

___ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PNC Bank, N.A. | 18 Casey Ave., Old Forge, PA 18518 | 5802 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence). Check one.**

___ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PNC Bank, N.A. | 18 Casey Ave., Old Forge, PA 18518 | $72,569.33 | $4,830.85 | $77,400.18 |
|  |  |  |  |  |

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

    \_\_\_    None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

    **X**    The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 dates of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Lackawanna County Tax Claim Bur. | 18 Casey Ave., Old Forge, PA 18518 | $24,523.18 | 9%<br>$6,020.47 | $30,543.65 |

| PA Dept of Revenue | Personal Property on Schedule B | $1,234.18 | 3% $218.00 | $1,452.18 |

E. **Secured claims for which §506 valuation is applicable.** Check one.

___ None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

_X_ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extend or validity of the allowed secured claim for each claim listed below will be determined y he court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Claims Recovery Systems | 18 Casey Ave., Old Forge, PA 18518 | Zero | None | Zero | Adversary |
| LVNV Funding | 18 Casey Ave., Old Forge, PA 18518 | Zero | None | Zero | Adversary |

F. **Surrender of Collateral.** Check one.

___ None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

_X_ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all

respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Jefferson Capital Systems, LLC | 2007 Nissan Altima |
|  |  |

    G.    <u>Lien Avoidance.</u> Do not use for mortgages or for statutory liens, such as tax liens. Check one.

        __X__    None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

        ____    The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property | | |
| The sum of senior liens | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien voided. | | |

3.    **PRIORITY CLAIMS.**

A.  **Administrative Claims**

   1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. **Attorney's Fees.** Complete only one of the following options:

      a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $4,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor ands the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. **Other.** Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

      __X__ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

      _____ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

   _____ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §506 (a)(1)(B).** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

   ____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   ____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Check one of the following two lines.

__X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   Check the applicable line:

   ____ plan confirmation.
   ____ entry of discharge.
   __X__ closing of case.

7. **DISCHARGE: (Check one)**

   (X) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1:   Adequate Protection Payments
Level 2:   Debtor's Attorney Fees
Level 3:   Domestic Support Obligations
Level 4:   Secured Claims, Pro Rata
Level 5:   Priority Claims, pro rata
Level 6:   Specially classified unsecured claims
Level 7:   Timely filed general unsecured claims
Level 8:   Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined

by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $ 11,485.50 (est.) |
| Tullio DeLuca, Esq., | $ 4,500.00 |
| PNC Bank, N.A. | $ 77,400.18 (arrears) |
| Lackawanna County TCB | $ 30,543.65 (allowed secured claim) |
| PA Dept. of Revenue | $ 1,452.18 (allowed secured claim) |
| Unsecured Creditors - prorata basis | $ 885.49 |
| Total: | $ 126,267.00 |

The Chapter 13 Trustee payment shall be made to the following address:

JACK N. ZAHAROPOULOS
CHAPTER 13 TRUSTEE
P.O. BOX 6808
MEMPHIS, TN 38101-6008s

Dated: January 26, 2024        /s/Tullio DeLuca
                               Attorney for Debtor

                               /s/Mark Joseph Kosek
                               Debtor

                               /s/Carol Lyn Kosek
                               Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

Ability Recovery Svcs. LLC
P.O. Box 4031
Wyoming, PA 18644-0031

American Web Loan
2128 N. 14th St. #130
Ponca City, OK 74601-1831

Andrew A. Brown, DMD
632 Davis St
Scranton, PA 18505-4666

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), NA
by American infoSource as Agent
PO Box 71083
Charlotte, NC 28272-1083

Carlicci, Golden DeSantis Funeral Home
318 East Drinker St.
Dunmore, PA 18512

Cavalry Investments, LLC
50 Summit Lake Dr., Suite 400
Valhalla, NY 10595-2321

Celtic Bank
268 South State St
Salt Lake City, UT 84111-5314

Claims Recovery Systems
6 E Main St.
Carnegie, PA 15106-2497

Comcast-PA
Attn: Bankruptcy
1555 Suzy St
Lebanon, PA 17046-8318

Comenity Bank
Bankruptcy Department
PO Box 182125
Columbus, OH 43218-2125

Commercial Acceptance Co.
2 W. Main St
Shiremanstown, PA 17011-6326

Commonwealth Health
PO Box 1022
Wixom, MI 48393-1022

Commonwealth Health
PO Box 411064
Boston, MA 02241-1064

Credit Acceptance Corp
25505 West 12 Mile Rd.
Southfield, MI 48034-8316

Credit Collection Services
PO Box 607
Norwood, MA 02062-0607

Credit Control, LLC
5757 Phantom Drive
Hazelwood, MO 63042-2429

CreditOne
PO Box 98873
Las Vegas, NV 89193-8873

David A. Troynacki, DMD
1524 Sans Souci Parkway
Wilkes-Barre, PA 18706-6028

David T. Oven, DDS
320 W. Drinker St.
Dunmore, PA 18512-1918

Delta Medix, PC
300 Lackawanna Ave., Unit 200
Scranton, PA 18503-2001

Dept of Labor & Industry
Office of Chief Counsel
Tenth Floor Labor & Industry Bldg.
651 Boas St.
Harrisburg, PA 17121-0725

DirecTv, LLC
Attn: Bankruptcies
PO Box 6550
Greenwood Village, CO 80155-6550

DirecTv, LLC
by American InfoSource LP as agent
4515 N. Santa Fe Ave
Oklahoma City, OK 73118-7901

ERC
PO Box 57547
Jacksonville, FL 32241-7547

First National Community Bank
102 E. Drinker St.
Dunmore, PA 18512-2491

First Premier Bank
PO Box 5524
Sioux Falls, SD 57117-5524

Inbox Loan
PO Box 881
Santa Rosa, CA 95402-0881

Jefferson Capital Systems, LLC
PO Box 7999
Saint Cloud, MN 56302-7999

John A. Fischer OD PC
247 Main St.
Duryea, PA 18642-1030

Keystone Prosthetcics & Orth
334 Main St.
Dickson City, PA 18519-1770

LVNV Funding LLC
P.O. Box 10497
Greenville, SC 29603-0497

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lackawanna County Tax Claim Bureau
Lackawanna County Government Ctr.
123 Wyoming Ave., Suite 267
Scranton, PA 18503-2029

Medical Data Systems
2001 9th Ave.
Ste. 312
Vero Beach, FL 32960-6413

Medical Data Systems, Inc.
645 walnut St. Ste 5
Gadsden, AL 35901-4173

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Midland Funding, LLC
2365 Northside Drive, Ste. 300
San Diego, CA 92108-2709

Mohegan Sun
Attn: Legal Dept.
1280 Hwy. 315
Wilkes-Barre, PA 18702-7002

Moses Taylor Hospital
700 Quincy Ave
Attn: Justin Davis CEO
Scranton, PA 18510-1798

NCC
245 Main St
Dickson City, PA 18519-1641

NEI ASC, Inc.
200 Mifflin Ave.
Scranton, PA 18503-1982

Nationwide Insurance
Company of America
P.O. Box 13958
Philadelphia, PA 19101-3958

Alyk L Oflazian
Manley Deas & Kochalski LLC
1555 Lakeshore Drive
Columbus, OH 43204-3825

Orion
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

PA Dept. of Revenue
Bankruptcy Division
Dept. 280946
Harrisburg, PA 17128-0496

PAWC
PO Box 578
Alton, IL 62002-0578

PNC BANK RETAIL LENDING
P O BOX 94982
CLEVELAND OH 44101-4982

PPL Electric Utilities
2 North 9th Street
Allentown, PA 18101-1179

PPL Electric Utilities
827 Hausman Rd.
Allentown, PA 18104-9392

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Pennsylvania American Water
P.O. Box 578
Alton, IL 62002-0578

Pennsylvania Department of Revenue
Bankruptcy Division
P.O. Box 280946
Harrisburg, PA 17128-0946

Pennsylvania Physician Services, LLC
5665 New Northside Dr.
Atlanta, GA 30328-5831

Pennsylvania Physician Services, LLC
700 Quincy Ave
Scranton, PA 18510-1724

PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Professional Account Svcs.
P.O. Box 188
Brentwood, TN 37024-0188

Professional Neurological Assoc.
235 Main St
Dickson City, PA 18519-1652

Radius Global Solutions, LLC
PO Box 390846
Minneapolis, MN 55439-0846

Receivables Performance Mgmt
20816 44th Ave. W
Lynnwood, WA 98036-7744

Regional Hospital of Scranton
746 Jefferson Ave.
Scranton, PA 18510-1624

Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Resurgent Capital Services
PO Box 10675
Greenville, SC 29603-0675

Rosebud Lending, LZO
P.o. box 1147
27565 Research Park Dr.
Mission, SD 57555-1147

SW Credit Systems, LP
4120 International Pkwy., Suite 1100
Carrollton, TX 75007-1958

Scranton Cardiovascular Physician
Servic
746 Jefferson Ave
Scranton, PA 18510-1624

Rebecca Ann Solarz
KML Law Group, P.C
701 Market St.
Suite 5000
Philadelphia, PA 19106-1541

SPRINT
C O AMERICAN INFOSOURCE
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

Synchrony Bank/Old Navy
Attn: Bankruptcy Dept.
P.O. Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Sam's Club
Attn: Bankruptcy Dept.
P.O. Box 965060
Orlando, FL 32896-5060

Tek Collect
P.O. Box 1269
Columbus, OH 43216-1269

Transworld Systems
500 Virginia Dr., Suite 514
Ft. Washington, PA 19034-2733

Trident Asset Management
53 Perimeter Center East, Ste. 440
Atlanta, GA 30346-2230

UGI UTILITIES INC
ATTN CREDIT & COLLECTIONS
P O BOX 13009
READING PA 19612-3009

United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101-1722

Verizon
by American InfoSource as agent
PO Box 4457
Houston, TX 77210-4457

Verizon Bankruptcy Dept.
500 Technology Drive
Suite 550
Weldon Spring, MO 63304-2225

Verizon by American Infosource, LP
as ag
4515 Santa Fe Ave.
Oklahoma City, OK 73118-7901

JACK N ZAHAROPOULOS
ATTN CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625